# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,                       :

    Plaintiff,                      :        Case No.  3:15cv00155

vs.                                     :        District Judge Thomas M. Rose
                                                                  Chief Magistrate Judge Sharon L. Ovington

DAYTON VETERANS CENTER,                 :
et al.,
                                        :
    Defendants.

                                        :

## REPORT AND RECOMMENDATIONS[1]

### I.      Introduction

Plaintiff Drake A. Edwards, a resident of Dayton, Ohio, brings this case pro se asserting subject mater jurisdiction under 28 U.S.C. §§1331 and 1343(3).  The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for a *sua sponte* review to determine whether his Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

App'x 558, 559-60 (6th Cir. 2013).

## II. Background

Plaintiffs' Complaint alleges, verbatim:[2]

> Sir, "Officer Able" said, "I was a pain in his ass."
> Awhile Appealing my flag disruptive paper I gave one to Officer L Votaw in the Lobby He was doing raffle He did not say stop or nothing He let me gone on a do it!  They stop me and put in cuff search me ... traumatize me again He could had said no Don't pass those out [illegible word] all of the back no they thought I had contraband or anything It was a cheap shot....

(Doc. #2, PageID 22).  Plaintiff maintains, "I can win your de nova review and all of this black hat stale mate will not work[.]" *Id*.   He adds that he burdens those around him, and he alleges, "you know I can win that's why you cut me short in the limelight[.]" *Id*.  He concludes, "Please pay me give me a jury demand pay me pay me attention to detail pay me not play me, Respectfully Sir, Peace, Sir Drake pro-se." *Id*.  As to other relief, the Complaint states, "Fire all and I appeal overturn and recluse you and appeal and appeal and appeal until I'm paid in full Thanks[.]" *Id*., *PageID* 23.

## III. Applicable Standards

A Complaint may be dismissed as frivolous under §1915(e)(2) "only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A Complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when

---

[2]  Each of the quotes that follow are verbatim and without attempted correction.

the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923. A Complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

The Court's sua sponte review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV. <u>Analysis</u>

Given the stream-of-conscience style in which Plaintiff's Complaint is written, it is somewhat difficult to discern whether he is raising fantastic or delusional facts. But, construing his Complaint liberally in his favor, he appears to describe an encounter with Officer Able and Officer L. Votaw, probably at the Dayton VA Center. As such, it does not raise fantastic or delusional facts. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion

that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. 662, 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). Plaintiff's Complaint, however, does not go into sufficiently specific factual allegations to state a plausible claim upon which relief could be granted. Accepting his allegations as true and, again, construing his pro se Complaint liberally in his favor, at best he attempts to describe a violation of his rights under the Fourth Amendment to the Constitution. Yet, it is unclear from the face of the Complaint what specifically occurred during the incident, how long he was detained, whether he was charged with a criminal violation, or how he was harmed. As a result, his claim lacks facial plausibility because it fails to plead factual content sufficient to create a reasonable inference that the named defendants violated his Fourth Amendment or other constitutional rights. *See Iqbal*, 556 U.S. at 678. It instead merely contains "naked assertions devoid of further factual enhancement." *Id.* (citation, brackets, and internal quotation marks omitted).

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Drake A. Edward's Complaint be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

    2.       The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and,

    3.       The case be terminated on the docket of this Court.


September 11, 2015

                                                                             s/Sharon L. Ovington
                                                                             Sharon L. Ovington
                                                         Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).